*Motion to dismiss denied*
*and motion for stay granted in part.*

REILLY, P.J., and JOHN C. YOUNG, J., concur.

---

**CITY OF BUCYRUS, Appellee,**

v.

**LEWIS, Appellant.**

[Cite as *Bucyrus v. Lewis* (1990), 66 Ohio App.3d 256.]

Court of Appeals of Ohio,
Crawford County.

No. 3–88–21.

Decided March 2, 1990.

*James Hoover*, City Solicitor, and *Lee A. Oldendick*, for appellee.

*Patrick T. Murphy*, for appellant.

---

THOMAS F. BRYANT, Judge.

This is an appeal from the judgment of the Municipal Court of Crawford County denying defendant-appellant's, James Lewis', motion to suppress.

On June 17, 1988, at approximately 4:30 p.m., Patrolman Ralph Grubel of the Bucyrus Police Department was dispatched to the United Bank in Bucyrus, Ohio. A call had been placed by a teller advising the police dispatcher that there was a man in a blue truck who had fallen asleep in the drive-through lane. Officer Grubel arrived at the bank and observed several blue trucks. Officer Grubel parked his vehicle and approached the drive-through teller window. As Officer Grubel approached the window, a teller pointed toward appellant's truck.

Officer Grubel observed the appellant put money in his wallet, start his vehicle, and begin to drive away. The officer asked appellant to pull his vehicle over to the side. Appellant complied with Officer Grubel's request. Officer Grubel administered a field sobriety test. Subsequently a breathalyzer test was administered to appellant who as a result was charged with driving under the influence of alcohol with concentration of .10 gram or more by weight of alcohol per two hundred ten liters of breath in violation of Section 333.01(a)(3) of the Bucyrus City Ordinances.

Appellant filed a motion to suppress on the argument that there were insufficient articulable facts and circumstances present to justify the traffic stop in this case. Following a hearing on the motion to suppress, the court overruled the motion. It is from this judgment appellant now appeals asserting one assignment of error.

Appellant's sole assignment of error is:

"The trial court erred in not suppressing evidence obtained as a result of an improper stop of appellant's vehicle; the police officer had no articulable facts within his knowledge to justify stopping the appellant's vehicle."

Appellant is concerned with the fact that the police officer who made the stop had no information other than a man in a blue truck had fallen asleep at 4:30 p.m. in the United Bank drive-through. Appellant maintains that the facts conveyed by the police dispatcher to Officer Grubel were insufficient to justify stopping appellant's vehicle. Appellant asserts that his fourth amendment rights were violated by Officer Grubel.

Our review of the facts in this case discloses the following:

1.  Officer Grubel was informed by the police dispatcher that a man had fallen asleep in his truck while in the United Bank drive-through.

2.  Upon arriving at United Bank, appellant's truck was pointed out by a teller as the vehicle reported to the dispatcher.

3.  Officer Grubel stopped appellant's vehicle and subsequently administered a field sobriety test.

4.  Appellant was given a breathalyzer test and was cited for violating a Bucyrus ordinance.

The trial court made the following findings of fact:

"It is my finding that the officer had within his knowledge, based upon communications and based upon his observance, sufficient information to justify an investigatory stop in this case. And it was communicated to him that there was someone asleep in a truck at 4:30 in the afternoon, in a bank parking lot. That is rather unusual. When he gets there, the specific vehicle, without question, was pointed out to him.

"That gives him, at that point in time, given that information, sufficient reason to stop the truck, to find out if there is anything physically wrong with the driver. That is part of his job. And that is sufficient for an investigatory stop in my opinion. * * *

"Therefore I do find sufficient articulable facts to justify the stop in this case. * * * "

The United States Supreme Court in *Adams v. Williams* (1972), 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 617, in reliance on *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, stated:

"A *brief stop* of a *suspicious individual,* in order to *determine* his identity or to *maintain* the *status quo* momentarily while obtaining more information,

*may be most reasonable in light of the facts known to the officer at the time."* (Emphasis added.)

When we apply *Adams* to the facts of this case we must agree with the trial court that Officer Grubel had sufficient facts within his knowledge upon which to momentarily stop appellant in order to obtain more information. See, also, *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489. Appellant's assignment of error is overruled.

For the reasons stated above and upon the authorities cited and discussed the judgment of the Municipal Court of Crawford County is affirmed.

*Judgment affirmed.*

SHAW and MILLER, JJ., concur.