[Cite as *State v. Gasser*, 2014-Ohio-2569.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     13CA0042 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY GASSER | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.     TRC-13-06-06124 |

DECISION AND JOURNAL ENTRY

Dated: June 16, 2014

CARR, Judge.

{¶1}    Appellant Anthony Gasser appeals the judgment of the Wayne County Municipal Court that denied his motion to suppress.  This Court affirms.

I.

{¶2}    After spotting Gasser with an open container of beer while sitting behind the wheel of his car, a police officer subjected Gasser to various sobriety tests.  As a result, the officer cited Gasser for having physical control of a vehicle while under the influence.  After initially pleading not guilty, Gasser moved to suppress all evidence resulting from the alleged illegal stop.  The trial court held a hearing on the motion and denied it.  Gasser subsequently pleaded no contest to the charge and the trial court sentenced him accordingly, staying imposition of the sentence pending appeal.  Gasser filed a timely appeal in which he raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT IMPROPERLY DENIED THE MOTION TO SUPPRESS FILED BY DEFENDANT IN VIOLATION OF THE 4TH AMENDMENT OF THE US CONSTITUTION AND ARTICLE 1 OF THE OHIO CONSTITUTION.

{¶3} Gasser argues that the trial court erred by denying his motion to suppress that alleged that the officer conducted an illegal stop. This Court disagrees.

{¶4} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Generally, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. The reviewing court must then "independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶5} The United States Supreme Court has held:

The Fourth Amendment [to the United States Constitution] guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a seizure of persons within the meaning of this provision. An automobile stop is thus subject to the constitutional imperative that it not be unreasonable under the circumstances.

(Internal quotations and citations omitted.) *Whren v. United States*, 517 U.S. 806, 809-10 (1996).

{¶6} Moreover,

[t]he essential purpose of the proscriptions in the Fourth Amendment is to impose a standard of reasonableness upon the exercise of discretion by government

officials, including law enforcement agents, in order to safeguard the privacy and security of individuals against arbitrary invasions[.] Thus, the permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against the promotion of legitimate governmental interests.

(Internal quotations and citations omitted.) *Delaware v. Prouse*, 440 U.S. 648, 653-654 (1979). Therefore, as the stopping and detention of automobile occupants constitutes a seizure for Fourth Amendment purposes, it must be reasonable under the circumstances. *Id.* at 653.

{¶7} The key premise is that the Fourth Amendment prohibits only unreasonable searches and seizures, not every search and seizure irrespective of reasonableness. As a general rule, for a search or seizure to be reasonable, it must occur as a result of the execution of a warrant premised on probable cause. Fourth Amendment to the U.S. Constitution; *State v. Dunn*, 131 Ohio St.3d 325, 2012-Ohio-1008, ¶ 13-14. Numerous exceptions to the warrant requirement developed over time, including the community-caretaking/emergency aid exception which "allows police officers to stop a person to render aid if they reasonably believe that there is an immediate need for their assistance to protect life or prevent serious injury." *Dunn* at ¶ 22.

{¶8} This Court has recognized:

"A key community caretaking function is to help motorists who are stranded or in distress." *State v. Chapa*, 10th Dist. Franklin No. 04AP-66, 2004-Ohio-5070, ¶ 8. Accordingly, community caretaking functions have been recognized in cases where a vehicle is stationary in an area where it should not be parked, as it gives rise to an inference as to the vehicle's or the driver's impairment. *See, e.g., Bucyrus v. Lewis*, 66 Ohio App.3d 256 (3d Dist.1990) (driver sleeping in vehicle parked in bank's drive-through lane), *State v. Chrzanowski*, 180 Ohio App.3d 324, 2008-Ohio-6993 (11th Dist.) (driver sitting in vehicle stopped on the roadway), *Chapa* (driver stopped her vehicle "in the middle of the roadway with its headlights on and leaving no room for other vehicles to pass.").

*State v. Clapper*, 9th Dist. Medina No. 11CA0031-M, 2012-Ohio-1382, ¶ 13.

{¶9} In this case, Officer Michael Davis of the Smithville police department testified that he was on patrol one evening when he saw a car parked in the turn-around area of a 400-

yard driveway to a private residence. The turn-around area was close to the street. Based on his experience patrolling the area, Officer Davis knew that the homeowners did not park their cars in that area of driveway. On the other hand, the officer had observed disabled vehicles parked in that area.

{¶10} Officer Davis entered the license plate number into LEADS and discovered that that vehicle was not registered to any homeowner at the residence. In fact, the registered owner of the vehicle lived in Rittman, not Smithville. Accordingly, the officer became suspicious as to why the vehicle was parked there.

{¶11} Officer Davis parked approximately 20 feet off to the left of the vehicle, leaving room for the driver to back up and exit the driveway. He then approached the car to check on the welfare of the driver. As he approached, the officer saw an open can of beer in the center console. Upon speaking to Gasser, the officer noticed the odor of alcohol and that Gasser's eyes were glassy and bloodshot. The officer thereafter had Gasser exit the vehicle and perform various sobriety tests, the results of which gave rise to the charge.

{¶12} Under the circumstances, where a vehicle that did not belong to a resident of the home was parked in a place where only disabled vehicles were ever known to be parked, the officer reasonably investigated the situation as part of his community caretaking function. The officer left an adequate amount of room between his patrol car and Gasser's vehicle to allow Gasser to exit the driveway. The officer approached for the purpose of inquiring as to the suspected distress of the driver. Under these circumstances, the trial court correctly concluded that the officer was properly engaged in a community caretaking function when he spotted the open beer container in Gasser's vehicle. Accordingly, the trial court properly denied the motion to suppress. Gasser's assignment of error is overruled.

III.

**{¶13}** Gasser's sole assignment of error is overruled.  The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

WESLEY JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.